UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE L. LAVOLL,<br><br>                Petitioner,<br>   v.<br>JERRY HOWELL,<br><br>                Respondent. | Case No. 2:19-cv-02249-GMN-EJY<br><br>ORDER |

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Terrance L. Lavoll (ECF No. 5). Per this court's order, he has now paid the filing fee (*see* ECF No. 6). It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal as untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (holding that § 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather than a state court judgment). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

1

Here, Lavoll originally sought leave of the Ninth Circuit Court of Appeals to file a second and successive petition (*see* ECF N. 2). Lavoll had previously filed a petition in this court, which was denied on the merits in November 2010. Case No. 2:08-cv-00011-PMP-GWF. The court of appeals confirmed that an amended judgment of conviction was filed in state court on July 6, 2012 (*see* ECF No. 2). Because this is Lavoll's first petition challenging the amended judgment of conviction, it is not "second or successive" and authorization to file a federal habeas petition in state district court is not required. *See Magwood v. Patterson*, 561 U.S. 320 (2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012). The court of appeals transferred Lavoll's current habeas action to this court and deemed his petition filed in this court on November 26, 2019 (ECF No. 2).

Even with the November 2019 file date, it appears that Lavoll's petition challenging his July 2012 amended judgment of conviction is untimely by more than 6 years. Lavoll will be given an opportunity to show that this petition is in fact timely or that he is entitled to equitable tolling of the one-year limitations period. He must demonstrate "'(1) that he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**IT IS THEREFORE ORDERED** that petitioner shall have **30 days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling. He shall also set forth a complete and accurate history, with dates, of any relevant state habeas proceedings presented to the state district court and the Nevada Supreme Court or Nevada Court of Appeals, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling the court shall enter an order dismissing the petition.

DATED: 7 April 2020.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE