UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERRANCE L. LAVOLL,

                Petitioner,

v.

JERRY HOWELL, et al.,

                Respondents.

Case No. 2:19-cv-02249-GMN-EJY

ORDER

Before the court is respondents' motion to dismiss Terrance L. Lavoll's 28 U.S.C. § 2254 habeas corpus petition as untimely (ECF No. 19). They also argue that certain grounds are exhausted and/or procedurally defaulted. As discussed below, the motion is granted in part.

**I.    Background & Procedural History**

In October 1997, a jury convicted Lavoll of count 1: sexual assault of a minor under 16; counts 2 and 3: sexual assault of a minor under 16 with a deadly weapon; and count 4: solicitation of minor to engage in acts constituting crimes against nature (exhibit 16).[1] The state district court sentenced Lavoll under count 1 to a term of life, under count two to a term of life with an equal and consecutive term of life to run consecutive to count one. Exh. 21. The remaining sentences ran concurrent to these sentences. Judgment of conviction was entered on January 6, 1998. *Id*.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 19, and are found at ECF Nos. 20-22.

1

The Nevada Supreme Court affirmed Lavoll's convictions in April 2000 and affirmed the denial of his state postconviction habeas corpus petition in November 2007. Exhs. 52, 99. In November 2010, this court denied Lavoll's first federal habeas petition on the merits. Case No. 2:08-cv-00011-PMP, ECF No. 42.

In July 2012, an amended judgment of conviction was entered that added a special sentence of lifetime supervision to commence upon release from any term of imprisonment, probation or parole. Exh. 101.

On March 13, 2018, Lavoll filed a second state postconviction petition. Exh. 103.

Lavoll dispatched his federal habeas corpus petition for filing on November 26, 2019 (ECF No. 1).  This court granted his motion for appointment of counsel, and he filed an amended petition through counsel (ECF Nos.12, 17). Respondents now move to dismiss the petition as untimely. They argue alternatively that several claims are unexhausted and/or procedurally defaulted (ECF No. 19). Lavoll opposed, respondents replied, and petitioner filed a surreply (ECF Nos. 25, 31, 32-1). The court has considered all briefing.

## II.     Legal Standards & Analysis - Timeliness
### AEDPA Statute of Limitations and Equitable Tolling

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority).  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger

2

equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). To warrant equitable tolling, a petitioner need not show that it was "impossible" to file a petition on time, but instead that some extraordinary circumstances stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Recently, in *Smith v. Davis*, the Ninth Circuit held that "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." 953 F.3d 582, 600 (9th Cir. 2020) (en banc). The court stated that "this rule does not impose a rigid 'impossibility' standard on litigants, and especially not on 'pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period.'" *Id*. (citing *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016)). The Ninth Circuit also held in *Smith* that to demonstrate diligence, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Id*. at 598–99. The court explained, "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599.

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Here, the amended judgment of conviction was filed on July 6, 2012. For a person convicted of a sexual offense, Nevada law requires "the court [to] include in sentencing, in addition to any other penalties provided by law, a special sentence of lifetime supervision." NRS 176.0931. Nevada law also requires such a person to register as a sex offender upon release from incarceration. NRS 179D.460. The original judgment of conviction did not impose the special sentence of lifetime supervision, nor did it inform Lavoll of the requirement to register as a sex offender. Exh. 21. The amended judgment of conviction imposed the special sentence of lifetime supervision and the registration requirement. The amended judgment here increased Lavoll's sentence and is a substantive new judgment for the purposes of § 2244(d)(1)(A). Thus, the amended judgment started a new one-year time period under AEDPA.

In May 2012, the Nevada Department of Corrections sent a letter to the Eighth Judicial District Court ("8JDC") clerk's office stating that Lavoll's judgment of conviction did not have a special sentence of lifetime supervision. Petitioner's Exh. 1, at ECF No. 18-1. The letter does not indicate a copy was sent to Lavoll. On June 18, 2012, the state district court imposed a special sentence of lifetime supervision and the sexual offender registration requirement. Exh. 101, pp. 3-4. The amended judgment indicates that Lavoll was not present at the proceeding. *Id*. at 3. The amended judgment was filed on July 6, 2012. *Id*. at 2. No evidence that Lavoll was served with a copy of the amended judgment has been presented.

Lavoll dispatched a second state postconviction petition for filing on March 5, 2018. He argued that the judgment was illegal because it did not list a minimum term for the counts on which he was sentenced to "life." In connection with that petition, Lavoll sent a letter to the state district court clerk requesting the court minutes for his criminal case. He received a copy of the entire docket for his criminal case that was printed on May 30, 2018. The docket lists the amended judgment as filed on July 6, 2012. Lavoll received the docket in late May or early June 2018. Lavoll's state postconviction litigation concluded in June 2019.

On November 26, 2019, Lavoll filed an application with this court for leave to file a second or successive petition along with the petition (ECF No. 1). On December 13, 2019, he filed the same application with the Ninth Circuit. On January 20, 2020, the Ninth Circuit ordered that authorization was not required because this was the first petition challenging the amended judgment of conviction.

Lavoll was not present when the amended judgment was entered in July 2012. There is no evidence that he was aware of the amended judgment until about June 2018. This court concludes that this constitutes an extraordinary circumstance. Once Lavoll learned of the amended judgment, he timely and diligently pursued state court and federal habeas litigation. Equitable tolling is warranted, and Lavoll's petition is deemed timely.

### III. Legal Standards & Analysis – Exhaustion and Procedural Default

Respondents next argue that the four grounds in the amended petition are all unexhausted and/or procedurally defaulted (ECF No. 19, pp. 7-8; ECF No. 31, pp. 10-16).

#### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

### b. Procedural Default

28 U.S.C. § 2254(d) provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

**Ground 1**

Lavoll contends that he was denied the right to choose whether to concede guilt at trial in violation of his right to choose the objective of the defense under the Sixth and

Fourteenth Amendments (ECF No. 17, pp. 7-10). He relies on *McCoy v. Louisiana*, wherein the United States Supreme Court held that defense counsel's concession of guilt, when the accused wished to maintain his innocence, violated the accused's Sixth Amendment right to choose the objective of the defense. 138 S.Ct. 1500 (2018). In *McCoy* the Court explained that "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence, *Strickland v. Washington*, 466 U.S. 668 (1984), or *United States v. Chronic*, 466 U.S. 648 (1984) . . . ." *Id*. at 1510-1511. In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

Lavoll insists that he exhausted this federal ground 1 in his second state postconviction petition. But there he presented the claim that his counsel rendered ineffective assistance in violation of his Sixth Amendment rights. He explicitly relied on *Strickland* and *Chronic*. In fact, Lavoll filed that state petition in March 2018, but as he acknowledges, the Court did not decide *McCoy* until May 2018. He also states in his federal petition that ground 1 is not subject to a prejudice inquiry; his state claim relied on *Strickland*, which requires a showing of deficiency of counsel and resulting prejudice. The court concludes that Lavoll did not fairly present federal ground 1 to the highest state court. Ground 1, therefore, is unexhausted.

**Ground 3**

Lavoll asserts that his rights to due process under the Fifth and Fourteenth Amendments have been violated because the judgment does not indicate the minimum term of his sentence (ECF No. 17, pp. 13-15).

Lavoll acknowledges that this ground was procedurally defaulted in state court (ECF No. 25, pp. 29-32; *see* exh. 123). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The

Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal ground 3 was procedurally barred under NRS 34.726(1), 34.810(1)(b)(2) and 34.810(2) were independent and adequate grounds to affirm the denial of the claims in the state petition.

Lavoll argues that he can demonstrate cause and prejudice to excuse the default. First, he points out that the state district court never notified him of the amended judgment of conviction. He argues that this establishes cause. Second, he contends that this claim has merit. Under NRS 176.105(1)(c), a judgment of conviction must set forth "[t]he adjudication and sentence, including . . . any term of imprisonment . . . and, if necessary to determine eligibility for parole, the applicable provision of the statute." Under NRS 176.033(1)(b), if a sentence of imprisonment is required by statute, "the court shall . . . [i]f sentencing the person who has been found guilty of a felony, sentence the person to a minimum term and a maximum term of imprisonment, unless a definite term of imprisonment is required by statute." Lavoll argues that these two provisions together establish that the judgment of conviction must include both a minimum and maximum term of imprisonment for indefinite sentences.

Originally, on count 1 Lavoll was sentenced to "Life." On counts 2 and 3, he was sentenced to "Life" with an equal and consecutive term of "Life." Exh. 21. The sentences on counts 1 and 2 were run consecutively, while the sentence on count 3 was run concurrently to count 2. *Id*.

On July 6, 2012, the amended judgment was entered. Exh. 101. The new judgment indicates that a court proceeding was held on June 18, 2012, at which "the defendant [was] NOT present." *Id*. The amended judgment reimposes the original sentences as set forth above. The amended judgment provides that for counts 1, 2, and 3 he was convicted of sexual assault in violation of NRS 200.366. Specifically,

> As to COUNT 1 - LIFE, as to COUNT 2 - LIFE plus an EQUAL and CONSECUTIVE LIFE sentence for Use of a Deadly Weapon, Count 2 to run CONSECUTIVE to Count 1, as to COUNT 3 - LIFE plus an EQUAL and CONSECUTIVE LIFE sentence for Use of A Deadly Weapon, Count 3 to run CONCURRENT with Count 2; and as to COUNT 4 - TWELVE (12) MONTHS in the Clark County Detention Center, Count 4 to run CONCURRENT with Count 3.

*Id*. The amended judgment further states a special sentence of lifetime supervision had been added to the judgment. *Id.* The amended judgment also provides:

> [B]efore the Defendant is eligible for parole, a panel consisting of the Administrator of the Mental Health and Development Services of the Department of Human Resources or his designee; the Director of the Department of Corrections or his designee; and a psychologist licensed to practice in this state; or a psychiatrist licensed to practice medicine in Nevada must certify that the Defendant does not represent a high risk to re-offend based on current accepted standards of assessment.

*Id*. Finally, the amended judgment ordered Lavoll to register as a sexual offender within 48 hours of any release from custody. *Id*.

Lavoll argues that he has a liberty interest in the judgment setting forth his sentence, including both the minimum and maximum term. Thus, he asserts that the sentence in the amended judgment violates his due process rights.

Lavoll has not demonstrated that this claim has merit and thus cannot show prejudice. First, the relevant version of NRS 200.366 provided that a person who commits sexual assault on a child under 16 that does not result in substantial bodily harm be sentenced to life with the possibility of parole after 20 years.[2] Second, in affirming the denial of his second state postconviction petition, the Nevada Court of Appeals held that Lavoll's judgment of conviction contained all the elements required by NRS 176.105 as it existed at the time of his crime and sentencing. It is up to a state court to interpret its state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A]

---

[2] The court also notes that in 2017, after serving 20 years, the parole board paroled him to his next sentence, which belies his claim that unless his judgment is amended again to include his parole eligibility, he could be forced to serve the maximum term without ever becoming eligible for parole (*see* ECF No. 25, pp. 11-12).

state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Finally, the claim that the judgment should set forth the minimum term before parole eligibility is not cognizable in federal habeas corpus because success on such a claim would not necessarily lead to speedier release. *See Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (because success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, . . . . [they] are not cognizable in habeas). *Id*. at 935.[3]

Accordingly, ground 3 is dismissed as procedurally barred from federal habeas review.

**Ground 4**

Lavoll argues that his right to be present under the Fifth, Sixth, and Fourteenth Amendments were violated when the court imposed the amended sentence in his absence (ECF No. 17, pp. 16-17).

Lavoll did not raise this claim to the Nevada state courts. *See* exhs. 103, 104, 121, 123. He again urges this court to deem the claim technically exhausted/procedurally defaulted because he no longer has any remedies in state court. He acknowledges that if he attempted to raise this claim now in a state postconviction petition, the state court would find it procedurally barred as untimely and successive. In addition, the claim would be barred because it is a substantive constitutional claim that should have been raised on direct appeal from the amended judgment of conviction. *See* NRS 34.810(1)(b)(2).

As with ground 3, Lavoll argues that the fact that the state court never informed him about the amended judgment establishes cause for the procedural default. Notably,

---

[3] Lavoll also claims that he did not learn that he was eligible for parole until he was given notice of his parole hearing in 2017 (*see* ECF No. 25, p. 11). This is false. In his February 2001 pro se state postconviction habeas petition, Lavoll indicated that he was sentenced to multiple sentences of life with the possibility of parole. Exh. 55, pp. 3-4. In his first federal habeas petition, filed in January 2008, he indicated that his first parole eligibility would be in 2017. 2:08-cv-00011-PMP, ECF No. 7, p. 2.

he admits that he cannot timely present this as good cause in state court because it is outside of one year from the time that he first became aware of the amended judgment in late May or early June 2018. He offers no explanation as to why he did not file a direct appeal of the amended judgment of conviction when he learned of the amendment.

In any event, Lavoll has not shown that this claim has merit and thus cannot show prejudice. He does not contend that the registration and supervision requirements were improperly added. He was required to register as a sex offender and have lifetime supervision at the time of his original sentencing.[4] Similarly to ground 3, the claim that the trial court improperly amended the judgment without his presence is not cognizable in federal habeas corpus because success on such a claim would not necessarily lead to speedier release. *See Nettles v. Grounds*, 830 F.3d at 927.

Ground 4, therefore, is dismissed as procedurally barred.

**Ground 2**

Lavoll argues that his trial counsel was ineffective for failing to object to inflammatory statements from the prosecution in closing in violation of his Sixth and Fourteenth Amendment rights (ECF No. 17, pp. 11-13).

Lavoll acknowledges in his opposition to the motion to dismiss that ground 2 is unexhausted (ECF No. 25, pp. 20-16). He also agrees that if he were to return to state court to raise this claim in a second state postconviction petition, the state courts would find the claim procedurally defaulted as untimely and successive (*id*. at 20; *see* NRS 34.726, 34.810).  He acknowledges, therefore, that the claim would also be procedurally barred from federal review but argues that he can demonstrate cause and prejudice to excuse that default based on ineffective assistance of state postconviction counsel.

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim.  501 U.S. at

---

[4] Lavoll was informed of these requirements in his companion case as they applied to that conviction. Exh. 126.

11

750. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. 566 U.S. 1 (2012).  The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings.  First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].  *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different.  Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

Here, Lavoll argues that he can establish cause and prejudice under *Martinez* to excuse the default of this claim and to demonstrate that this court should review the claim on the merits (ECF No. 25, pp. 20-26). Respondents contend that neither Lavoll's trial counsel or postconviction counsel were ineffective, and therefore, ground 2 is not a substantial claim (ECF No. 31, pp. 11-14). However, the court will defer a resolution of this claim to the adjudication of the petition on the merits because the claim is intrinsically linked to the merits analysis. The court declines to dismiss ground 2 at this

time. A decision on whether ground 2 is procedurally barred from federal review is deferred.

### IV.     Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that ground 1 is unexhausted. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

> 1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claim;
>
> 2.     He may return to state court to exhaust his unexhausted claim in which case his federal habeas petition will be denied without prejudice; or
>
> 3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.

## V.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 19) is **GRANTED** as follows:

Ground 1 is **UNEXHAUSTED**.

Grounds 3 and 4 are **DISMISSED** as procedurally barred.

A decision on ground 2 is deferred.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted ground; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to ground 2. The answer should contain all

substantive and procedural arguments (including the issue of Martinez and procedural default) and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a reply in support of the motion to dismiss (ECF No. 30) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file surreply (ECF No. 32) is **GRANTED**. The Clerk is directed to **DETACH** and **FILE** the surreply at ECF No. 32-1.

DATED: 19 January 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE