UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE L. LAVOLL,<br><br>            Petitioner,<br><br>v.<br><br>JERRY HOWELL, et al.,<br><br>            Respondents. | Case No. 2:19-cv-02249-GMN-EJY<br><br>ORDER |

28 U.S.C. § 2254 habeas petitioner Terrance L. Lavoll moves for a stay and abeyance of his petition while he returns to state court to exhaust one claim. (ECF No. 38.) Respondents oppose, and Lavoll replied. (ECF Nos. 39, 40.) The court is persuaded that a stay is warranted, and therefore, grants the motion.

**I.    Background**

    **a.  State Court Proceedings**

In October 1997, a jury convicted Lavoll of count 1: sexual assault of a minor under 16, 2 counts of sexual assault of a minor under 16 with a deadly weapon; and solicitation of minor to engage in acts constituting crimes against nature. (Exhibit 16).[1] The state district court sentenced Lavoll to what amounts to three consecutive terms of life with the possibility of parole. (Exh. 21.)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 19, and are found at ECF Nos. 20-22.

The Nevada Supreme Court affirmed Lavoll's convictions in April 2000 and affirmed the denial of his state postconviction habeas corpus petition in November 2007. (Exhs. 52, 99). In November 2010, this court denied Lavoll's first federal habeas petition on the merits. Case No. 2:08-cv-00011-PMP (ECF No. 42).

In July 2012, an amended judgment of conviction was entered that added a special sentence of lifetime supervision to commence upon release from any term of imprisonment, probation, or parole. (Exh. 101.) Almost six years later, in March 2018, Lavoll filed a second state postconviction petition. (Exh. 103.) The state district court denied it based on multiple procedural bars, and the Nevada Court of Appeals affirmed the denial of the petition as untimely and successive. (Exhs. 114, 123.)

### b. Federal Court Proceedings

Lavoll dispatched his federal habeas corpus petition for filing on November 26, 2019. (ECF No. 1). This court granted his motion for appointment of counsel, and he filed an amended petition through counsel. (ECF Nos.12, 17). In January 2022, the court granted respondents' motion to dismiss in part, dismissing grounds 3 and 4 as procedurally barred, concluding that ground 1 was unexhausted, and deferring a decision on ground 2. (ECF No. 34.)

### II. Motion for Stay

Lavoll now moves for a stay and abeyance to return to state court to exhaust ground 1. (ECF No. 38.) In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. First, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. And the relief is "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.* However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

2

intentionally dilatory litigation tactics." *Id*. at 278; see also *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). See also *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

As ground 1, Lavoll alleges that he was denied the right to choose whether to concede guilt at trial in violation of his right to choose the objective of the defense under the Sixth and Fourteenth Amendments. (ECF No. 17 at 7-10.) He argues that his counsel conceded during closing arguments that Lavoll was guilty of a lesser offense though Lavoll never agreed to this concession.

Lavoll relies on *McCoy v. Louisiana*, wherein the Supreme Court held that defense counsel's concession of guilt, when the accused wished to maintain his innocence, violated the accused's Sixth Amendment right to choose the objective of the defense. 138 S.Ct. 1500 (2018). In *McCoy* the Court explained that "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence, *Strickland v. Washington*, 466 U.S. 668 (1984), or *United States v. Chronic*, 466 U.S. 648 (1984) . . . ." *Id*. at 1510-1511.

Lavoll points out that *McCoy* was decided in May 2018, while his state petition was pending and one month before the state district court denied the petition. (ECF No.

3

38 at 5.) He argues that his state claim was based on the same factual and legal allegations as the federal claim, that it "contain[ed] some important elements of a *McCoy* claim," and that, at the very least, he was reasonably confused as to whether a *McCoy* claim was exhausted. *Id*.

Opposing the motion, respondents assert that Lavoll's argument that he believed he exhausted his claim could theoretically apply to every *pro se* petitioner. (ECF No. 39 at 3.) They also contend that when Lavoll opposed respondents' motion to dismiss, he took the position that he no longer had an available state-court forum to present ground 1 due to Nevada's mandatory procedural bars. (ECF No. 25 at 20-21.) This is incorrect: Lavoll argued that ground 1 was exhausted, but this court disagreed. (*Id*. at 20; ECF No. 34 at 6-7.) Respondents also contend that ground 1 has no likelihood of success. (ECF No. 39 at 4.) They argue that Lavoll fails to point to anywhere in the state-court record where his counsel conceded to lesser charges over Lavoll's objection. They point out that counsel's concession during closing argument was to uncharged offenses and insist that Lavoll has no likelihood of success on the merits.

The court agrees with Lavoll that the proper inquiry here, however, is whether the claim is plainly meritless. The court concludes that Lavoll has met the not-particularly-strict bar of demonstrating that good cause exists and that the claim is not plainly meritless. Further, there is no credible indication of intentionally dilatory litigation tactics. Accordingly, the court grants the motion for stay. Lavoll will need to file a motion to re-open the case after his state proceedings have concluded.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state proceedings.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **45 days** of the

4

issuance of the remittitur by the state appellate court at the conclusion of state-court proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 18 October 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE