UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE L. LAVOLL,<br><br>    Petitioner<br><br>v.<br><br>JERRY HOWELL, et al.,<br><br>    Respondents. | Case No.: 2:19-cv-02249-GMN-EJY<br><br>Order Granting Motion to Dismiss<br><br>(ECF No. 49) |

In his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus Terrance L. Lavoll challenges his conviction for sexual assault and solicitation of minors. (ECF No. 17.) In the claims remaining before the Court he alleges trial court error and that his trial counsel was ineffective. Respondents have filed a Motion to Dismiss arguing that Ground 1 is procedurally barred. (ECF No. 49.) Because Ground 1 is procedurally barred and Lavoll cannot demonstrate cause and prejudice to overcome the default, Ground 1 is dismissed.

    **I.    Background**

In October 1997, an Eighth Judicial District (Clark County) jury convicted Lavoll of one count of Sexual Assault of a Minor under 16, two counts of Sexual Assault of a Minor under 16 with a Deadly Weapon, and one count of Solicitation of Minor to Engage

in Acts Constituting Crimes Against Nature. (Exhibit 16.)[1] The state district court sentenced Lavoll to terms that amount to 60 years to life. (Exh. 21.) Judgment of Conviction was entered on January 6, 1998. *Id*.

The Nevada Supreme Court affirmed Lavoll's convictions in April 2000 and affirmed the denial of his state postconviction habeas corpus petition in November 2007. (Exhs. 52, 99.) In November 2010, this Court denied Lavoll's first federal habeas petition on the merits. (Case No. 2:08-cv-00011-PMP, ECF No. 42.)

In July 2012, an Amended Judgment of Conviction was entered that added a special sentence of lifetime supervision. (Exh. 101.) In March 2018, Lavoll filed a second state postconviction petition. (Exh. 103.) The state appellate court affirmed the denial of that petition as procedurally barred in May 2019. (Exh. 123.)

Lavoll dispatched his current Federal Habeas Corpus Petition for filing in November 2019. (ECF No. 1). This Court granted his Motion for Appointment of Counsel, and he ultimately filed a counseled First Amended Petition in February 2021. (ECF Nos.12, 17). Lavoll raised four claims:

> Ground 1: Lavoll was denied the right to choose whether to concede guilt at trial in violation of his right to choose the objective of the defense under the Sixth and Fourteenth Amendments.
>
> Ground 2: Lavoll's trail counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights for failing to object to the prosecution's inflammatory statements in closing arguments.
>
> Ground 3: Lavoll's Fifth and Fourteenth Amendment due process rights were violated because the judgment does not indicate a minimum term of his sentence.

---

[1] Exhibits referenced in this order are exhibits to Respondents' First Motion to Dismiss, ECF No. 19, and Second Motion to Dismiss, ECF No. 49, and are found at ECF Nos. 20-22, 50.

2

> Ground 4: Lavoll's Fifth, Sixth, and Fourteenth Amendment rights to be present was violated when the state district court sentenced him in his absence.

(ECF No. 17.)

Respondents filed their first Motion to Dismiss in April 2021. (ECF No. 19.) The Court dismissed Grounds 3 and 4 as procedurally barred. (ECF No. 34.) The Court held that Ground 1 was unexhausted and also deferred a decision on whether Ground 2 is procedurally barred from federal review to the merits adjudication. The Court granted Lavoll a stay of these proceedings, and he filed a (third) successive habeas petition in state court in December 2022, in an effort to exhaust Ground 1. (ECF No. 43; Exh. 125.) In September 2023, the Nevada Court of Appeals affirmed the denial of the third state petition as untimely, an abuse of the writ, and based on laches. (Exh. 138.) The appellate court rejected Lavoll's arguments that he could overcome the state procedural bars. This Court reopened this case, and Respondents now move to dismiss Ground 1 as procedurally defaulted. (ECF No. 49.)[2]

## II. Discussion

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

---

[2] Lavoll opposed, and Respondents replied. (ECF Nos. 51, 54.)

3

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). The external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

**Ground 1 is procedurally barred from federal habeas review.**

In Ground 1 Lavoll argues that he was denied the right to choose whether to concede guilt at trial in violation of his right to choose the objective of the defense under the Sixth and Fourteenth Amendments. (ECF No. 17 at 7-10.) He argues that his counsel conceded during closing arguments that Lavoll was guilty of the lesser offense of statutory sexual seduction though Lavoll never agreed to this concession.

Lavoll relies on *McCoy v. Louisiana*, where the Supreme Court held that defense counsel's concession of guilt, when the accused wished to maintain his innocence, violated the accused's Sixth Amendment right to choose the objective of the defense. 138 S.Ct. 1500 (2018). In *McCoy* the Court explained that "[b]ecause a client's

4

autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence, *Strickland v. Washington*, 466 U.S. 668 (1984), or *United States v. Chronic*, 466 U.S. 648 (1984) . . . ." *Id*. at 1510-1511.

Lavoll presented this claim to the state courts in his third state postconviction petition. (Exhs. 125.) He also argued that *McCoy* provided him good cause to file the untimely and successive state petition. The state district court rejected the good cause argument, finding that even if it accepted Lavoll's position that *McCoy* gave him good cause to file a successive state postconviction petition after it was decided in 2018, he provided no explanation or authority as to why the state courts should allow him to file the petition four years after the *McCoy* decision. (Exh. 131.) The court further rejected the argument that Lavoll would be prejudiced by the court not considering his *McCoy* claim. The court pointed out that in 2007 the Nevada Supreme Court affirmed the denial of the claim in Lavoll's first state petition that trial counsel was ineffective for conceding guilt, finding that Lavoll failed to demonstrate deficiency or prejudice. So the state district court concluded that Lavoll could not show he would be prejudiced by the court not considering his *McCoy* claim.

The Nevada Court of Appeals affirmed the denial of the successive state petition as procedurally defaulted because it was untimely under NRS 34.726, an abuse of the writ in violation of NRS 34.810, and barred by laches under NRS 34.800. (Exh. 138.) The appellate court stated that Lavoll failed to demonstrate good cause because he did not explain why he waited more than four years after the *McCoy* decision was issued to file the second state petition. So Respondents argue that federal Ground 1 is now also procedurally barred from federal habeas review. (ECF No. 49 at 4-5.)

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); see also *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Respondents argue that the Nevada Court of Appeal's determination that federal ground 1 was procedurally barred under NRS 34.726, 34.810 and 34.800 were independent and adequate grounds to affirm the denial of the claims in the state petition.

Lavoll argues that the manner in which the state appellate court applied the time bar in his case was not clear and well-established. (ECF No 51 at 5-8.) But NRS 34.726 is an adequate state procedural bar. *Williams v. Filson*, 908 F.3d 546, 577-80 (9th Cir. 2018); *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (holding that the Nevada Supreme Court has consistently applied the state rule prohibiting review of the merits of an untimely claim unless the petitioner demonstrates cause). Further, the state appellate court also held that Lavoll's third state petition was procedurally barred as an abuse of the writ and by laches. In any event, it is now clear that *McCoy v. Louisiana* is not retroactive to cases on collateral review. *Christian v. Thomas*, 982 F.3d 1215, 1225 (9th Cir. 2020). So Lavoll would not be able to demonstrate prejudice to overcome procedural bars.

Lavoll also argues that he can overcome the default under *Martinez v. Ryan*. 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined

circumstances. The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 17.

But as Respondents point out, Ground 1 is not a claim of ineffective assistance of trial counsel, the only type of claim to which the narrow exception established in *Martinez* may apply. Lavoll asks this Court to expand *Martinez*'s reach to an underlying substantive claim of trial error. But the *Martinez* Court repeatedly stressed the limited nature of its holding. (*See id*. at 15 ("this limited qualification of *Coleman*"); at 16 ("[t]he rule of *Coleman* governs in all but the limited circumstances recognized here"). Moreover, this claim was raised in Lavoll's third state petition, not an initial-review collateral proceeding. But the holding in *Martinez* "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings [or] second or successive collateral proceedings." (*Id*. at 16.) Lavoll cannot rely on *Martinez* to overcome the default of the *McCoy* claim. And, again, *McCoy* is not retroactive to cases on collateral review. *Christian*, 982 F.3d at 1215. Accordingly, Ground 1 is dismissed.

### III. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 49) is GRANTED**. Ground 1 is dismissed.

It is further ordered that Respondents have **45 days** from the date this Order is entered to file an Answer to Ground 2, the claim that remains before the Court.

It is further ordered that Petitioner will then have **45 days** to file a Reply.

DATED: 4 March 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE