**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRANCE L. LAVOLL,

Petitioner,

v.

JEREMY BEAN, *et al.*,

Respondents.

Case No. 2:19-cv-02249-GMN-EJY

**ORDER**

Petitioner Terrance L. Lavoll, a Nevada prisoner, filed a First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 17), challenging his state court convictions of two counts of Sexual Assault of a Minor With Use of a Deadly Weapon, one count of Sexual Assault of a Minor, and one count of Soliciting a Minor. The Court denies the remaining ground of Lavoll's Petition, denies him a certificate of appealability, and kindly directs the Clerk of Court to enter judgment accordingly.

## I. Background

### a. Factual Background

In 1997, Lavoll befriended three young boys, the victims in this case. ECF No. 70-13 at 73. E.H. was eleven years old, I.B. was also eleven years old, and N.B was fourteen years old and I.B.'s brother. *Id*. at 67-68.

On July 7, 1997, Lavoll approached N.B. and asked to perform oral sex on him. *Id*. at 76, 96. When N.B. refused, Lavoll tapped his fingers on a gun that was holstered on his side that he wore for his employment as a security guard. *Id*. at 77, 96-97. Lavoll asked N.B. again, and N.B. stated that he would think about it. *Id*. at 96.

On the same day, Lavoll stayed overnight with E.H. and E.H.'s friend, at the friend's home. *Id*. at 174. Lavoll approached E.H. and asked to perform oral sex on him. *Id*. at 182. E.H. initially refused, but Lavoll persisted until E.H. no longer refused, and Lavoll performed oral sex on him. *Id*. at 183-84. E.H. testified that he no longer refused because he was afraid Lavoll

would retrieve his gun. *Id*. at 184.

On July 8, 1997, Lavoll and the three boys, E.H., I.B., and N.B, went to a nearby fast-food restaurant. *Id*. at 101. Lavoll separated I.B. from the other two and asked to perform oral sex on him. ECF No. 20-14 at 46. At a different location, Lavoll then told N.B., while I.B. was there, that I.B. would let Lavoll perform oral sex on him if N.B. would agree to do the same. ECF No. 20-13 at 183-84. N.B. refused and retreated to a friend's house, leaving I.B. and E.H. with Lavoll. *Id*. at 104.

After N.B. left, Lavoll and the two boys, I.B. and E.H., walked to a vacant lot behind a supermarket. *Id*. at 198. While in the vacant lot, Lavoll performed oral sex on I.B. and E.H. twice. *Id*. at 198. Both E.H. and I.B. testified that they were intimidated because they knew that Lavoll carried a gun and felt that they could not refuse Lavoll's advances. ECF No. 20-13 at 200-01, ECF No. 20-14 at 52-53.

I.B. and E.H. returned to their respective homes. ECF No. 20-13 at 202. N.B. returned home, spoke to I.B., and told his parents what had happened. *Id*. at 107. Their parents contacted the police. *Id*. at 107-08. E.H. told his mother what had happened. *Id*. at 143. The police arrested Lavoll. *Id*. at 24-25.

**b. Procedural Background**

Following a jury trial, a jury found Lavoll guilty of two counts of Sexual Assault of a Minor With Use of a Deadly Weapon, one count of Sexual Assault of a Minor, and one count of Soliciting a Minor. The state district court sentenced Lavoll to two consecutive terms of life in addition to a consecutive life term for the use of a deadly weapon. ECF No. 20-21. The Nevada Supreme Court affirmed the judgement of conviction on direct appeal. ECF No. 21-7.

Lavoll filed a state post-conviction Petition for Writ of Habeas Corpus. ECF Nos. 21-10, 21-11. Following appointment of counsel, Lavoll filed supplemental petitions, and the state district court conducted an evidentiary hearing. ECF Nos. 21-32, 21-35, 21-41. The state district court denied post-conviction relief, and the Nevada Supreme Court affirmed the denial of relief. ECF Nos. 21-42, 22-9.

In 2008, Lavoll initiated his first federal habeas corpus proceeding. *See Lavoll v. Neven*,

Case No. 2:08-cv-00011-PMP-GWF. The Court denied his petition on the merits. *Id*. at ECF No. 40.

In 2012, the state district court amended Lavoll's judgment of conviction to add a special sentence of lifetime supervision and ordered Lavoll to register as a sexual offender within 48 hours of any release from custody. ECF No. 22-11. In 2018, Lavoll filed a second state habeas Petition, and the state district court denied his second state habeas Petition as procedurally barred. ECF No. 22-24. The Nevada Court of Appeals affirmed, finding the second state habeas Petition untimely and successive. ECF No. 22-33.

In 2019, Lavoll initiated the instant habeas proceedings by filing an application to file a second or successive petition. ECF No. 2. The Ninth Circuit concluded that Lavoll was entitled to file a new federal habeas petition challenging his amended judgment of conviction without it being deemed second or successive. *Id*. Following the appointment of counsel, Lavoll filed his First Amended Petition. ECF Nos. 12, 17.

Respondents moved to dismiss the First Amended Petition. ECF No. 19. The Court granted the motion, in part, dismissing Grounds 3 and 4, finding Ground 1 was unexhausted, and deferring a decision on whether Lavoll could overcome the procedural default of Ground 2. ECF No. 34. The Court granted Lavoll's request to stay the case to return to state court to exhaust Ground 1. ECF No. 43. Lavoll filed a third state habeas Petition, which was denied. ECF No. 50-2. The Nevada Court of Appeals affirmed the denial of the third state habeas Petition as untimely, an abuse of writ, and based on laches. ECF No. 50-15.

After reopening this instant federal habeas matter, Respondents moved to dismiss Ground 1, and the Court granted the motion. ECF Nos. 49, 56. Following Respondents' Answer and Lavoll's Reply, the Court now adjudicates Ground 2, the sole remaining ground, of the First Amended Petition.

## II. Governing Standards of Review

### a. Review under the Antiterrorism and Effective Death Penalty Act

28 U.S.C. § 2254(d) sets forth the standard of review generally applicable in habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (first quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and then citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75.

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**b. Standard for Evaluating Ineffective Assistance of Counsel Claims**

In *Strickland*, the Supreme Court propounded a two-prong test for analysis of ineffective assistance of counsel claims requiring Petitioner to demonstrate that: (1) the counsel's "representation fell below an objective standard of reasonableness[;]" and (2) the counsel's deficient performance prejudices Petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Courts considering an ineffective assistance of counsel claim must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. It is Petitioner's burden to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. Additionally, to establish prejudice under *Strickland*, it is not enough for Petitioner to "show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, errors must be "so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." *Id*. at 687.

Where a state court previously adjudicated the ineffective assistance of counsel claim under *Strickland*, establishing the court's decision was unreasonable is especially difficult. *See Richter*, 562 U.S. at 104-05. In *Richter*, the Supreme Court clarified that *Strickland* and § 2254(d) are each highly deferential, and when the two apply in tandem, review is doubly so. *See id.* at 105; *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (internal quotation marks omitted). The Court further clarified, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

When evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap. *See*, *e.g., Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Effective appellate advocacy requires weeding out weaker issues with less likelihood of success. The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason—because the omitted issue has little or no likelihood of success on appeal. *Id.*

**c. Standard for Evaluating Procedurally Defaulted Claims**

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). Where a petitioner fails to do so and therefore "has defaulted his federal claims in state court pursuant to an independent and adequate state

procedural rule," federal habeas review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

For claims of ineffective assistance of trial counsel, petitioners may overcome cause for procedural default of the claim where (1) the claim of ineffective assistance of trial counsel is a "substantial" claim; (2) the "cause" consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of trial counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."[1] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 14, 18; citing *Coleman*, 501 U.S. 722). An ineffective assistance of trial counsel claim "is insubstantial" if it lacks merit or is "wholly without factual support." *Martinez*, 566 U.S. at 14-16 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

"[T]he standard for evaluating the underlying trial counsel IAC claim during the *Martinez* prejudice analysis is not as stringent as that required when considering the merits of the underlying [*Strickland*] claim." *Leeds v. Russell*, 75 F.4th 1009, 1017-18 (9th Cir. 2023) (citing *Michaels v. Davis*, 51 F.4th 904, 930 (9th Cir. 2022) ("[A] conclusion on the merits of [a trial counsel IAC] claim under *Strickland* holds a petitioner to a higher burden than required in the *Martinez* procedural default context, which only requires a showing that the [trial counsel IAC] claim is 'substantial.' ")). While review of trial counsel's actions in a *Martinez* prejudice analysis is conducted under a more relaxed standard, the *Strickland* standard is applied with full force when considering the actions of initial postconviction review counsel for a *Martinez* cause analysis. *See Leeds*, 75 F.4th at 1022. The requirements of cause and prejudice are distinct but, "[t]he analysis of whether both cause and prejudice are established under *Martinez* will

---

[1] Nevada prisoners are required to raise IAC claims involving trial counsel in an initial state-postconviction petition, which is the initial collateral review proceeding for purposes of applying *Martinez*. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

necessarily overlap," as "each considers the strength and validity of the underlying ineffective assistance claim.'" *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019). On all such issues, if reached, the court's review is *de novo*. *See, e.g.*, *Detrich v. Ryan*, 740 F.3d 1237, 1246-48 (9th Cir. 2013); *Atwood v. Ryan*, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017).

**III. Discussion**

In Ground 2, Lavoll alleges that trial counsel rendered ineffective assistance for failure to object to inflammatory statements from the prosecution in opening and closing statements. ECF No. 17 at 11-13. He asserts that during closing argument the prosecutor made derogatory comments about Lavoll to prejudice the jury and have the jurors focus on improper considerations. *Id*. at 11. He alleges that the prosecutor repeatedly referred to Lavoll as a "sexual predator" and "child molester" to prey upon the juror's fears and emotions as well as to demonize Lavoll. *Id*.

The prosecutor made the following comments:

(1) Every 11-year-old boy is entitled to those days of innocence, days to look back on in your older years as the times of innocence. This man took those days and those times from [I.B.] and he took them from [E.H.]. Now, 11-year-old boys may say that they're a little old for fairy tales, but **I think that you and I know the parable of a wolf in sheep's clothing, and he sits right there**. (emphasis added.)

(2) He may wear a cloak of kindness, he may wear the mask of friendship and goodwill, **but beneath is a predator of the worst kind, a predator who sexually molests our children,** who preys on the weakest members of our society, 11-year-old boys, 11-year-old children. (emphasis added.)

(3) Do you think [C.L.] knew that? Do you think that's why he slept in the closet that night? **[C.L.] knows that that man is a sexual predator. We know he's a sexual predator. We've proved it to you beyond a reasonable doubt** and I'm going to show you now how we've proved it to you. (emphasis added.)

(4) This is his game. This is his way. This is, as Ms. Lowry said, the things **you're going to hear about how a sexual predator operates.** (emphasis added.)

(5) And I think an interesting fact is with the way he does it. And this really, as Ms. Lowry said, **shows the mind of a sexual predator.** (emphasis added.)

(6) And finally, why did [C.L.] sleep in the closet that night? Why? **Because [C.L.] knows what every one of us in this room knows, that man is a child molester. And I'm asking you now: Unmask him. Reveal him for what he is**. Hold him responsible. **Make him pay for the innocence that he stole from [E.H.] and [I.B].** (emphasis added.)

> (7) Justice is something for little people **who are gullible and vulnerable to sexual predators.** (emphasis added.)

ECF No. 20-15 at 40-69, 85-94.

**a. State Court Determination**

On appeal of Lavoll's first state habeas Petition, the Nevada Supreme Court denied Lavoll's claim that appellate counsel was ineffective for failure to argue that the prosecutor's comments and use of photographs during closing argument constituted prosecutorial misconduct:

> [Lavoll] failed to demonstrate that this claim had a reasonable probability of success on appeal. Even assuming that the challenged comments and use of photographs were improper, such prosecutorial misconduct may constitute harmless error where there is overwhelming evidence of guilt. [FN 41]. In the instant case, the record reveals overwhelming evidence of [Lavoll's] guilt. E.H. testified that [Lavoll] performed oral sex on him at another boy's home. Both E.H. and I.B. testified that [Lavoll] performed oral sex on them in the desert near their homes while he was wearing a firearm. Moreover, E.H. witnessed [Lavoll] performing oral sex on I.B., and I.B. witnessed [Lavoll] performing oral sex on E.H. N.B. also testified that [Lavoll] asked if he could perform oral sex on N.B. As there was overwhelming evidence of guilt, any prosecutorial misconduct was harmless in the instant case. Therefore, we conclude that the district court did not err in denying this claim.
>
> [FN 41] *See King v. State*, 116 nev. 349, 356, 998 P.2d 1172, 1176 (2000) (providing that prosecutorial misconduct may be harmless where there is overwhelming evidence of guilt); *Ross v. State*, 106 Nev. 924, 803 P.2d 1104, 1106 (1990) (providing that to be reversible prosecutorial misconduct "must be prejudicial and not merely harmless"); *see also* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

ECF No. 22-9 at 18-19.

**b. Applicable Legal Standard**

Prosecutorial misconduct warrants federal habeas relief if the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation and internal quotation marks omitted). A defendant's constitutional right to due process of law is violated if the prosecutor's misconduct renders a trial "fundamentally unfair." *Id.* at 181–83; *see also Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor"). Claims of prosecutorial misconduct are reviewed "on the merits, examining the entire proceedings to determine whether the prosecutor's [actions] so infected the trial with

unfairness as to make the resulting conviction a denial of due process." *Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995) (citation and internal quotation marks omitted); *see also Greer v. Miller*, 483 U.S. 756, 765 (1987); *Turner v. Calderon*, 281 F.3d 851, 868 (9th Cir. 2002). If there is constitutional error, a harmless error analysis is applied; the error warrants relief if it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (citation and internal quotation marks omitted); *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012).

**c. Analysis**

Lavoll fails to demonstrate that his underlying ineffective assistance of counsel claim is substantial because he fails to demonstrate deficient performance under *Strickland*. An objectively reasonable attorney could choose not to object to the prosecution's remarks so as to not draw attention to the remarks. *See United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993) ("Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct.") (quoting *Strickland*, 466 U.S. at 689)); *see also Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013).

Even if the prosecutor's remarks had been improper, Lavoll failed to establish that he was prejudiced by them. As noted by the Nevada Supreme Court in affirming the denial of Lavoll's related ineffective assistance of appellate counsel claim, the prosecution presented strong evidence of Lavoll's guilt. *See Darden,* 477 U.S. at 181–82 (analyzing a claim that the prosecutor's argument violated due process by considering the strength of the evidence against the defendant). In addition, the state district court instructed the jury that closing arguments are not evidence. ECF No. 20-15 at 34. The United States Supreme Court has long held that "[a] jury is presumed to follow … [and] is [also] presumed to understand" a judge's instructions. *Weeks v. Angelone*, 528 U.S. 225, 235 (2000). Given the strength of the evidence against Lavoll and the instructions given to the jury, the Court determines that fair-minded jurists could argue that Lavoll's trial was not rendered unfair, and his federal constitutional rights were not violated,

by the prosecutor's comments.

Lavoll fails to establish a substantial claim that trial counsel performed deficiently and resulting prejudice for failure to object to the prosecutor's comments. He, therefore, fails to establish the requisite cause and prejudice to overcome the procedural default of this claim under *Martinez*. The Court denies this claim on the ground of procedural default.

**IV. Certificate of Appealability**

This is a final order adverse to Lavoll. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA"). Therefore, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner*, 281 F.3d at 864-65. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this Court's procedural ruling was correct. *Id.* Applying these standards, the Court finds that a certificate of appealability is unwarranted.

**V. Conclusion**

**IT IS HEREBY ORDERED** that Petitioner Terrance L. Lavoll's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 17) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the Court kindly directs the Clerk of Court to enter judgment and close this case.

DATED: August 21, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE